(22 P.3d 1075)

No. 85,519

VANESSA A. SIMENTAL HERNANDEZ, *Appellant*, v. GUARANTY
NATIONAL INSURANCE COMPANY, *Appellee*.

Opinion filed May 4, 2001.

*Donald W. Vasos* and *David A. Hoffman*, of Vasos Law Offices, of Fairway, for appellant.

*J. Donald Lysaught, Jr.*, of Mustain, Higgins, Kolich, Lysaught & Tomasic, Chartered, of Kansas City, for appellee.

Before RULON, C.J., KNUDSON, J., and WAHL, S.J.

RULON, C.J.: Plaintiff Vanessa Simental Hernandez appeals the decision of the district court denying her personal injury protection survivor's benefits. We affirm.

On May 24, 1997, Theodoro Hernandez died from injuries sustained in a vehicle collision in Colorado. At the time of the collision he was driving a Nissan Maxima owned by Sandra Simental. Theodoro and Sandra were not married, but they lived together in Kansas and had a child, Vanessa Simental Hernandez, born March 15, 1997. Sandra had insured the car with Guaranty National Insurance Company (Guaranty).

Plaintiff filed a petition against Guaranty seeking personal injury protection (PIP) benefits in the form of survivor's benefits, essential services, and funeral expenses. After a bench trial, the district court awarded appellant $10,800 in survivor's benefits. In doing so, the court said plaintiff was a survivor as defined in K.S.A. 40-

3103(x), entitling her to survivor's benefits under K.S.A. 40-3107(f). Guaranty filed a motion to reconsider, arguing the court relied upon inapplicable provisions of the KAIRA and that Theodoro owned an automobile, for which the KAIRA required an insurance policy. The court agreed with Guaranty and voided its prior judgment that awarded plaintiff PIP benefits.

This issue requires statutory interpretation of the KAIRA, which is a question of law giving this court unlimited review. *Morris v. American Standard Ins. Co.*, 26 Kan. App. 2d 933, 935, 996 P.2d 349, *rev. denied* 269 Kan. 933 (2000).

" 'The purpose of the Kansas automobile injury reparations act [KAIRA] is to make personal injury protection insurance mandatory by requiring every owner of a motor vehicle obtain first party coverage for personal injury protection benefits payable by his own insurance company.' " *Dreiling v. State Farm Mut. Auto. Ins. Co.*, 227 Kan. 851, Syl. ¶ 1, 610 P.2d 611 (1980). In this regard, a person injured while occupying a motor vehicle owned and insured by someone else is not entitled to recover any PIP benefits if he or she owns a motor vehicle, with respect to which a liability insurance policy is required by the KAIRA. K.S.A. 40-3109(a)(3). See also *Dreiling*, 227 Kan. at 855-56 (denying PIP benefits to plaintiff because he owned a vehicle for which he was required, but had failed, to maintain an insurance policy). In compliance with this provision, Guaranty's insurance policy specifically excluded such persons from coverage.

Plaintiff concedes that Theodoro would not have been entitled to PIP benefits had he lived because, at the time of the accident, he owned a vehicle that was not insured. See 227 Kan. at 855-56. Furthermore, Theodoro would have been prevented under both the KAIRA and Guaranty's policy from recovering PIP benefits because the accident occurred in Colorado, not in Kansas. See K.S.A. 40-3109(a)(3) (limiting an insurer's duty to pay PIP benefits to persons other than the owner for injuries sustained only in this state).

Despite Theodoro's lack of an entitlement to PIP benefits, plaintiff claims she is entitled to recover survivor's benefits. Plaintiff bases her argument on the fact that she did not own a motor vehicle

at the time of the accident. According to plaintiff, because she is a relative of and resides with the owner of the car (Sandra), plaintiff should be covered under Sandra's insurance. This argument has no legal merit.

Clearly, because Theodoro would not be entitled to any PIP benefits had he survived the accident, plaintiff is not entitled to survivor's benefits as a result of Theodoro's death.

Affirmed.