(281 P.3d 591)
No. 106,817

MARIAN RILEY, Individually and JULIE RILEY and JACK RILEY, Husband and Wife, *Appellants*, v. ALLSTATE INSURANCE COMPANY and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, *Appellees*.

Opinion filed August 3, 2012.

*Morgan B. Koon*, of Koon Law Firm, LLC, of Wichita, for appellant.

*Craig Kennedy*, of Kennedy, Dahl & Willis, of Wichita, for appellee.

Before GREENE, C.J., MALONE and ATCHESON, JJ.

GREENE, C.J.: Marian Riley and her parents, Jack and Julie Riley, appeal the district court's summary judgment against them on their claim against Allstate Insurance Company and Allstate Property and Casualty Insurance Company (collectively referred to as Allstate) for personal injury protection (PIP) benefits on the parents' Allstate policy after collecting the maximum PIP benefit under Marian's Allstate policy. The Rileys argue that K.S.A. 40-3109(b) is applicable and does not prohibit stacking benefits under

these circumstances. We disagree, concluding that the applicable statute is K.S.A. 40-3109(a)(3) and that it implies that an insurer need not pay PIP benefits under the parents' policy under these circumstances. Thus, we affirm the district court as correct for a different reason.

## FACTUAL AND PROCEDURAL BACKGROUND

Marian Riley was driving her parents' vehicle when she took evasive action to avoid an object on the highway and suffered serious injuries when the vehicle left the road and overturned. Both Marian and her parents carried separate Allstate automobile policies, which each provided $25,000 in PIP benefits. When Marian made PIP claims under both policies, Allstate paid the maximum benefit under Marian's policy but refused to pay PIP benefits under her parents' policy even though Marian was a listed driver on that policy and her eligible loss exceeded the $25,000 already paid by Allstate. The record does not reflect and the parties do not address whether policy language itself addressed stacking of benefits under these circumstances; in fact, the entirety of the policies at issue are not a part of the record on appeal.

Marian filed an action against Allstate, claiming the insurance company was obligated to pay PIP benefits due under both policies. Allstate filed a motion for summary judgment, alleging there were no controverted facts and under the language of K.S.A. 40-3109(b) (which was also specifically reflected by language in the policies), where "two or more insurers"—or policies—are liable to pay PIP benefits for the same injury, "the maximum benefits payable from all applicable policies shall be the highest limit of any one policy providing [such personal injury protection] benefits." Marian maintained that the anti-stacking language of the statute and policies did not apply where she had outstanding medical bills exceeding the maximum benefit under each policy; thus, she argued that under her circumstances additional PIP benefits would not constitute a windfall.

At summary judgment, both parties focused their arguments on K.S.A. 40-3109(b), with Marian relying on *Bradley v. AID Insurance Co.*, 6 Kan. App. 2d 367, 629 P.2d 720, *rev. denied* 230 Kan.

817 (1981), and with Allstate arguing that a 1984 amendment to this subsection expressly limited PIP recovery to one policy. The district court granted summary judgment in favor of Allstate.

On appeal, this court believed the case was likely controlled not by K.S.A. 40-3109(b) but rather by K.S.A. 40-3109(a)(3). Accordingly, after oral argument, the court invited each party to submit a supplemental brief addressing the potential applicability of this statutory subsection. Supplemental briefing from each party was filed and has now been considered by the court.

### STANDARDS OF REVIEW

From our review of both appellate briefs, we do not perceive there to be any disputed facts, thus reducing this appeal to a question of law. Where there is no factual dispute, appellate review of an order regarding summary judgment is de novo. *Adams v. Board of Sedgwick County Comm'rs*, 289 Kan. 577, 584, 214 P.3d 1173 (2009). Although Marian suggests that the district court "failed to consider whether a genuine issue as to any material fact existed or not," she does not argue on appeal that any such dispute of material fact should have precluded summary judgment.

Interpretation of a statute presents a question of law over which we have unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009). The most fundamental rule of statutory interpretation is that the intent of the legislature governs if that intent can be ascertained. Our first task is to ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning. When a statute is plain and unambiguous, we do not speculate as to the legislative intent behind it and will not read the statue to add something not readily found in it. *Redd v. Kansas Truck Center*, 291 Kan. 176, 188, 239 P.3d 66 (2010). Only if the statute's language or text is unclear or ambiguous do we move to the next analytical step, applying canons of construction or relying on legislative history to construe the statute to effect the legislature's intent. *Phillips v. St. Paul Fire & Marine Ins. Co.*, 289 Kan. 521, 525, 213 P.3d 1066 (2009).

The legal effect of an insurance policy is also a question of law over which we exercise unlimited review. *Halsey v. Farm Bureau Mut. Ins. Co.*, 275 Kan. 129, 132, 61 P.3d 691 (2003).

## DID THE DISTRICT COURT ERR IN GRANTING SUMMARY JUDGMENT TO ALLSTATE?

The purpose of the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, "is to provide a means of compensating persons promptly for accidental bodily injury arising out of the ownership, operation, maintenance, or use of motor vehicles in lieu of liability for damages." K.S.A. 40-3102. To this end, every owner of a motor vehicle operated on Kansas highways must purchase motor vehicle liability insurance coverage in accordance with the KAIRA. K.S.A. 2011 Supp. 40-3104(a).

Every motor vehicle liability policy issued to an owner in this state must "insure the person named and any other person, as insured, using any such vehicle with the express or implied consent of such named insured, against loss from the liability imposed by law," subject only to the limits stated in the policy. K.S.A. 40-3107(b). As for PIP benefits, the policy must insure the

"named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a motor vehicle, not exceeding the limits prescribed for each of such benefits, for loss sustained by any such person as a result of injury." K.S.A. 40-3107(f).

Under these statutory provisions, Allstate was liable to Marian for PIP benefits because she was the "named insured" under her own policy. Marian apparently was not a relative residing in her parents' household, but she argues Allstate was potentially liable to her for PIP benefits under her parents' policy as a listed driver and, moreover, because she was operating the "insured vehicle" under her parent's policy when she was injured. The question is whether she could permissibly stack benefits under both policies to the extent of her injuries.

Stacking is defined as " 'the right to recover on two or more policies in an amount not to exceed the total of the limits of liability of all polices up to the full amount of the damages sustained.' [Citation omitted.]" *Eidemiller v. State Farm Mut. Auto. Ins. Co.*, 261 Kan. 711, 712, 933 P.2d 748 (1997); see also *Bradley*, 6 Kan. App. 2d at 376 (similar language).

K.S.A. 40-3109(b) expressly prohibits stacking of PIP benefits where two or more insurers are liable. It provides:

"(b) If two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one person, the maximum benefits payable from all applicable policies shall be the highest limit of any one policy providing such personal injury protection benefits. The primary personal injury protection coverage shall be provided by the policy covering:

"(1) The motor vehicle occupied by the injured person at the time of the accident; or

"(2) the motor vehicle causing such physical contact." K.S.A. 40-3109(b).

This anti-stacking language was added in 1984. L. 1984, ch. 167, sec. 3. A subsequent amendment is not relevant to the analysis. See L. 1987, ch. 173, sec. 4.

No Kansas case has interpreted the current version of K.S.A. 40-3109(b). The prior version was discussed in two cases, *Farm & City Ins. Co. v. American Standard Ins. Co.*, 220 Kan. 325, 552 P.2d 1363 (1976), and *Bradley*, 6 Kan. App. 2d 367. We distinguish these cases because they address liability when there are two insurers involved and, thus, are not controlling on the proper analysis to be applied here.

Despite the sole focus of the parties, district court, and appellate briefs on K.S.A. 40-3109(b), we have concluded that this subsection has no applicability here because it has application only where "two or more insurers or self-insurers are liable to pay personal injury protection benefits for the same injury to any one person." This is simply not the scenario before us; here, the *same insurer*— Allstate—had issued *two separate policies* that may have PIP coverage for Marian's losses. In the absence of "two or more insurers or self-insurers liable" for PIP for the same injuries, we decline to apply K.S.A. 40-3109(b).

Instead, we conclude the more applicable statutory subsection is K.S.A. 40-3109(a)(3), which provides as follows:

"(a) A self-insurer or the insurer of the owner of a motor vehicle covered by a policy of motor vehicle liability insurance meeting the requirements of this act shall pay any personal injury protection benefits which are required to be provided by this act or in such owner's policy of motor vehicle liability insurance for any injury:

. . . .

"(3) sustained in this state by any other person while occupying such motor vehicle or, if a resident of this state, while not an occupant of such motor vehicle if the injury is caused by physical contact with such motor vehicle, and the injured person is not the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required under this act."

K.S.A. 40-3109 specifies the circumstances under which an insurer must pay PIP benefits. *Dreiling v. State Farm Mut. Auto. Ins. Co.*, 227 Kan. 851, 855, 610 P.2d 611 (1980). Unless this statute contemplates and requires PIP liability, the insurer is not obligated to pay. Accordingly, under 40-3109(a)(3), if the injured person owns a motor vehicle and was required by the KAIRA to have liability insurance, that person is *not* eligible for PIP coverage under the policy of the vehicle owner even if the owner's policy would seem to provide such coverage. See *Dreiling*, 227 Kan. at 855-56.

At the outset, we note that this identical provision—previously found at K.S.A. 40-3109(a)(4)—was first construed by our Supreme Court in *Farm & City Ins. Co.*, 220 Kan. at 334, where the court held:

"The last qualifying provision in K.S.A. 1975 Supp. 40-3109(a)(4), '. . . and the injured person is not himself the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required under this act' modifies both preceding clauses separated by the conjunctive word 'or'; such qualification relates to both an occupant and a pedestrian injured by another person's motor vehicle."

Accordingly, for purposes of this appeal, we read K.S.A. 40-3109(a)(3) to say that PIP benefits are required to be provided by the insurer of the owner of a motor vehicle for any injury sustained in this state by any person other than the owner of the motor vehicle if that person is injured while occupying such motor *vehicle and the injured person is not the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required under* K.S.A. 40-3101 *et seq.* Conversely, if the injured person *is* the owner of a motor vehicle required to be insured in Kansas, PIP benefits are not payable by the insurer of the owner of the motor vehicle involved in the accident.

Our court had occasion to construe and apply K.S.A. 40-3109(a)(3) in *Hernandez v. Guaranty National Ins. Co.*, 29 Kan.

App. 2d 47, 22 P.3d 1075 (2001). Although the facts were not quite aligned with those before us, the court held:

"[A] person injured while occupying a motor vehicle owned and insured by some-one else is not entitled to recover any PIP benefits if he or she owns a motor vehicle, with respect to which a liability insurance policy is required by the KAIRA." 29 Kan. App. 2d at 48.

See also *Dreiling*, 227 Kan. at 855-56 (denying PIP benefits to plaintiff because he owned a vehicle for which he was required, but had failed, to maintain an insurance policy).

Applying K.S.A. 40-3109(a)(3) in this manner to the facts before us, Allstate had no obligation to pay PIP benefits under the parents' policy because Marian was a person other than the owner of the parents' vehicle who sustained injuries while occupying the parents' vehicle but she *was* the owner of a motor vehicle with respect to which a motor vehicle liability insurance policy is required under the KAIRA. This holding is consistent with the policy underlying the KAIRA, *i.e.*, "It is clear from this and other provisions of the act that the legislature intended to prevent double recovery of PIP benefits." *Farm & City*, 220 Kan. at 335.

In the Rileys' supplemental brief on appeal, they argue that K.S.A. 40-3109(a)(3) does not apply here because Marian was not "any other person" as contemplated by the statutory subsection. They argue "[Marian] was occupying the vehicle that was owned and insured by Jack Riley to the extent that she was driving it at the time of the accident. She was doing all of this as a driver named, not just some other or any other person." We disagree. The plain meaning of the statute dictates that "any other person" must be read with the opening phrase which refers to the "owner of a motor vehicle;" thus, "any other person" is a person *other than the owner of the motor vehicle*. And Marian was indeed such an "other person" who was injured driving a motor vehicle owned by her parents.

In summary and conclusion, where a person injured in this State while occupying an automobile is not the owner of the vehicle, K.S.A. 40-3109(a)(3) precludes recovery of PIP benefits under the owner's policy if the injured person was the owner of a motor

vehicle for which a motor vehicle liability insurance policy is required under KAIRA. In other words, where a single insurer has written separate automobile policies for both the automobile owner and the person injured while occupying the vehicle, the injured person may not stack PIP coverage under both policies. The district court's summary judgment in favor of Allstate must be affirmed for the reasons outlined in this opinion. See *Robbins v. City of Wichita*, 285 Kan. 455, 472, 172 P.3d 1187 (2007).

Affirmed.